# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 808 HOLDING, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> COLLECTIVE OF DECEMBER 29, 2011 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63C23C91, *et al.*, <br><br> Defendants. <br> _____ <br> AND RELATED CASES. | NO. 12-CV-186-MMA(RBB) <br><br> ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS; SEVERING DOES; and DISMISSING ACTION AGAINST ALL DOES EXCEPT DOE 1 |

Pursuant to 28 U.S.C. § 636(b), Plaintiff has filed objections to Magistrate Judge Brooks's thorough and well-reasoned Orders on Plaintiff's motions to take early discovery in the three related cases. Upon *de novo* review of Judge Brooks's Orders, Plaintiff's objections, and the recent legal landscape related to BitTorrent cases, the Court **OVERRULES** Plaintiff's objections. The Court further finds joinder of all Does except for Doe 1 to be improper in all three cases. Accordingly, the Court severs all Does except Doe 1 and **DISMISSES without prejudice** Plaintiff's claims against the severed Doe defendants.

The three related actions involve allegations of copyright infringement against a total of 142 unknown defendants. Plaintiff alleges the defendants in each case infringed Plaintiff's protected work through the use of "BitTorrent" file transfer protocol. Judge Brooks's Orders accurately explain BitTorrent technology and provide the factual background pertinent to each case.

The Court has reviewed Judge Brooks's Orders in each case and has considered Plaintiff's objections and arguments. The Court finds each Order is well-reasoned and free of legal error. A detailed discussion is not necessary here, as the Court fully concurs with Judge Brooks's analysis and conclusions in each case.

Moving now to an issue that Judge Brooks did not have occasion to fully consider, the Court determines whether the defendants in each case have been properly joined under Federal Rule of Civil Procedure 20 and whether severance is proper under Rule 21, which allows the Court to *sua sponte* sever parties. Courts across the country are split on whether joinder, severance, or both are proper in cases involving BitTorrent technology. *See Next Phase Distrib., Inc. v. Does 1-27*, 284 F.R.D. 165 (S.D.N.Y. 2012). However, since the order issued in *Next Phase Distribution, Inc.*, on July 31, 2012, district courts have increasingly followed cases in favor of severing Doe defendants. Indeed, judges in this District have recently done the same. *See, e.g.*, *Patrick Collins, Inc. v. John Does 1 through 34*, No. 12-CV-1474-GPC(BGS), 2013 U.S. Dist. LEXIS 20401 (S.D. Cal. Feb. 13, 2013); *Malibu Media, LLC v. John Does 1-8*, No. 12-CV-1054-LAB(DHB), 2012 U.S. Dist. LEXIS 168346 (S.D. Cal. Nov. 27, 2012); *Patrick Collins, Inc. v. John Does 1 through 9*, No. 12-CV-1436-H(MDD), Doc. No. 23 (S.D. Cal. Nov. 8, 2012). In addition to the above-cited cases from this District, the Court finds persuasive the reasoning set forth by the courts in the following cases: *R&D Film 1, LLC v. Does 1-23*, 2013 U.S. Dist. LEXIS 23805 (D. Colo. Feb. 21, 2013); *Malibu Media, LLC v. Does 1, 2, 4-7, 11, 16, 17 & 21*, 2013 U.S. Dist. LEXIS 19404 (M.D. Fla. Feb. 13,

2013); *Next Phase Distrib., Inc. v. Does 1-27*, 284 F.R.D. 165 (S.D.N.Y. 2012). As Judge Burns aptly noted, "[t]he caselaw is full at this point." *Malibu Media, LLC*, 2012 U.S. Dist. LEXIS 168346 at *1. Thus, "[g]iven the amount of discourse already produced by courts around the country on this issue, the Court finds it unnecessary to write a lengthy opinion about whether joinder [and severance are] appropriate." *R&D Film 1, LLC v. Does 1-23*, 2013 U.S. Dist. LEXIS 23805, at *8 (D. Colo. Feb. 21, 2013). The Court now joins Judge Huff, Judge Burns, and Judge Curiel of this District and finds all Does except Doe 1 shall be severed.[1]

Based on the foregoing, the Court concludes as follows:

1. Plaintiff's objections to Judge Brooks's Orders in each related case are **OVERRULED**;

2. In the above captioned case, and all related cases, the claims against all Does other than Doe 1 are **DISMISSED without prejudice**; and

3. To the extent Judge Brooks's Order in 12-CV-186-MMA(RBB) authorized early discovery for five Doe defendants, Plaintiff may now seek early discovery for *one* Doe defendant in light of the instant Order. Judge Brooks's Orders in all three related cases shall remain in effect in all other respects.

**IT IS SO ORDERED.**

DATED: March 5, 2013

Hon. Michael M. Anello
United States District Judge

---

[1] The Court acknowledges the opposite result reached in *Liberty Media Holdings, LLC v. Does*, No. 11-CV-575-MMA(NLS), 2012 U.S. Dist. LEXIS 24232 (S.D. Cal. Feb. 24, 2012). However, the Court is certainly not bound by its decision in that case, and that Order is not controlling in unrelated cases such as the ones at bar. Having considered the landscape of this issue since that Order issued in February 2012, the Court now limits the Order in *Liberty Media Holdings, LLC*, to that case alone.